**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4822**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HILDEBERTO GONZALEZ-CHAVEZ, a/k/a Beetle,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00022-RLV-DSC-2)

———————

Submitted: May 8, 2013             Decided: May 10, 2013

———————

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. Steven R. Kaufman, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hildeberto Gonzalez-Chavez pleaded guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Gonzalez-Chavez to 168 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the district court erred by failing to articulate its reasons for denying Gonzalez-Chavez's request for a downward variance and questioning the reasonableness of the sentence. Counsel also questions whether the district court erred in applying a two-level sentencing enhancement for possession of a firearm. In Gonzalez-Chavez's pro se supplemental brief, he joins counsel in raising these arguments. The Government declined to file a responsive brief. Following a careful review of the record, we affirm.

Because Gonzalez-Chavez did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Gonzalez-Chavez must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record

2

establishes that the district court substantially complied with Rule 11's requirements, ensuring that Gonzalez-Chavez's plea was knowing and voluntary.

We review Gonzalez-Chavez's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when

measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Gonzalez-Chavez asserts that the district court erred in applying the two-level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2011), for the firearm found in Gonzalez-Chavez's residence. Gonzalez-Chavez stipulated in his plea agreement that the two-level enhancement was applicable. At the guilty plea hearing, the Government summarized the plea agreement, including this stipulation, and Gonzalez-Chavez confirmed its accuracy. Gonzalez-Chavez did not object to the enhancement in the presentence report, nor did he at any time dispute that he possessed the firearm in connection with the drug conspiracy. Accordingly, we conclude that the district court did not err in applying the enhancement to which Gonzalez-Chavez stipulated.

Gonzalez-Chavez also argues that the district court erred in failing to grant a downward variance. The court fully responded to defense counsel's argument for a below-Guidelines sentence, provided a detailed individualized assessment, and clearly explained the imposed sentence. Because the district court correctly calculated and considered as advisory the applicable Guidelines range and adequately explained its

4

sentencing determination, we conclude that Gonzalez-Chavez's sentence was procedurally reasonable.

Finally, Gonzalez-Chavez questions the substantive reasonableness of the sentence. The district court thoroughly evaluated these arguments in denying Gonzalez-Chavez's request for a downward variance. Furthermore, our review of the record leads us to conclude that Gonzalez-Chavez has not overcome the presumption of reasonableness applicable to his within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Gonzalez-Chavez.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gonzalez-Chavez's conviction and sentence. This court requires that counsel inform Gonzalez-Chavez, in writing, of the right to petition the Supreme Court of the United States for further review. If Gonzalez-Chavez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gonzalez-Chavez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid the decisional process.

AFFIRMED